■ FRANK DENI, Individually and as Custodian for KRIS M. DENI and Others, et al., Appellants, v AIR NIAGARA et al., Defendants, and ARNHEIM & McCOSTIS, as Escrow Agent, et al., Respondents. (Appeal No. 1.)—Order unanimously affirmed without costs. Memorandum: Supreme Court properly denied plaintiffs' cross motion for leave to serve a second amended complaint and for an order vacating the note of issue. The application for leave to amend was made more than two years after filing of the note of issue, the proposed amendment was based upon factual circumstances known at the time the action was commenced in 1984, and plaintiffs have failed to show a reasonable excuse for their inordinate delay in moving to amend (see, Pellegrino v New York City Tr. Auth., 177 AD2d 554, 557, lv denied 80 NY2d 760; Balport Constr. Co. v New York Tel. Co., 134 AD2d 309, 311-312; City of Watertown v Roy, 73 AD2d 832, 833). Moreover, given defendants' cooperation in providing plaintiffs with relevant documents, plaintiffs failed to particularize a need for further discovery that would justify vacating the note of issue at this late stage of the litigation.

It is settled law that "absent fraud, collusion, malicious acts or other special circumstances, an attorney is not liable to third parties not in privity for harm caused by professional negligence" (Viscardi v Lerner, 125 AD2d 662, 663-664; see also, Harder v Arthur F. McGinn, Jr., P. C., 89 AD2d 732, 733, affd 58 NY2d 663; Calamari v Grace, 98 AD2d 74, 79). Plaintiffs, as shareholders, were not in privity by reason of defendant law firm's representation of the corporation or its President. Further, plaintiffs have failed to allege facts or to submit material in evidentiary form warranting a trial on the issues of fraud, collusion or malicious conduct. (Appeal from Order of Supreme Court, Erie County, Mintz, J.—Summary Judgment.) Present—Denman, P. J., Balio, Lawton, Fallon and Doerr, JJ. (Filed Jan. 21, 1993.)