■ David Doo, Appellant-Respondent, v Steven A. Berger et al., Respondents-Appellants. [642 NYS2d 694] —In an action,

*inter alia,* to recover damages for unjust enrichment, (1) the plaintiff David Doo appeals from so much of an order of the Supreme Court, Queens County (Dye, J.), dated May 15, 1995, as granted those branches of the defendants' motion which were to dismiss all of the causes of action except the claim sounding in unjust enrichment, and (2) the defendants cross-appeal, as limited by their brief, from so much of the same order as failed to grant their motion to dismiss the complaint in its entirety.

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the order is reversed insofar as cross-appealed from, on the law, the defendants' motion to dismiss the complaint is granted in its entirety, and the complaint is dismissed; and it is further,

Ordered that the defendants are awarded one bill of costs.

The trial court properly dismissed the plaintiff's complaint to the extent that the plaintiff attempted to plead a cause of action sounding in attorney malpractice and/or fraud with respect to the defendant law firm and its attorneys. The law in New York does not recognize any liability on the part of an attorney to a nonclient third party for injuries sustained as a result of an attorney's actions in representing his client absent fraud, collusion, or a malicious or tortious act (*see, Michalic v Klat,* 128 AD2d 505, 506; *see also, Deni v Air Niagara,* 190 AD2d 1011). In his complaint, the plaintiff failed to set forth any allegations of fact tending to bring this case into one of the exceptions to the general rule, and his complaint does not set forth any of the requisite elements of actual fraud (*see, Koncelik v Abady,* 179 AD2d 942, 944).

We further find that the plaintiff's purported cause of action to recover damages for unjust enrichment should likewise have been dismissed. Under the facts of this case, where the plaintiff has alleged the existence of a valid, enforceable contract governing the plaintiff's alleged rights to the settlement money in question, recovery of that same money in quasi contract is precluded (*see, Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.,* 70 NY2d 382; *Metropolitan Elec. Mfg. Co. v Herbert Constr. Co.,* 183 AD2d 758).

In view of the foregoing, we need not reach the parties' remaining contentions. Mangano, P. J., Ritter, Hart and McGinity, JJ., concur.