■ Business Networks of New York, Inc., Appellant-Respondent, v Complete Network Solutions Inc., et al., Respondents-Appellants. [696 NYS2d 433] —Order, Supreme Court, New York County (Charles Ramos, J.), entered February 24, 1999, which, insofar as appealed from, denied plaintiff's motion for a preliminary injunction and for expedited discovery, and granted defendants' cross motion to dismiss the complaint only to the extent of dismissing the ninth cause of action, unanimously modified, on the law, to grant the motion to dismiss as to the fourth and sixth causes of action as well, and otherwise affirmed, without costs.

Plaintiff's motion for a preliminary injunction, based on allegations that the individual defendants had misappropriated a confidential client database from plaintiff while in its employ and are using such database in competing with plaintiff through the corporate defendant, was properly denied for failure to establish a likelihood of ultimate success on the merits. Plaintiff fails to present any evidentiary support for its assertions that the individual defendants misappropriated the database or that the database is being used to compete against it. Moreover, even assuming a misappropriation, plaintiff's allegations that the database contains publicly unavailable information are conclusory and insufficient to establish a likelihood that it constitutes a trade secret or is otherwise confidential (*see, Amana Express Intl. v Pier-Air Intl.*, 211 AD2d 606, 607). Nor does the restrictive covenant against the soliciting of

plaintiff's customers or prospects for one year after leaving plaintiff's employ, signed by one of the individual defendants, warrant injunctive relief, since such covenants, disfavored by the law (*Columbia Ribbon & Carbon Mfg. Co. v A-1-A Corp.*, 42 NY2d 496, 499), are only enforced to the extent necessary to prevent the disclosure or use of trade secrets or confidential information (*supra*), the probable existence of which is not shown here, or where the employee's services are unique or extraordinary (*supra*), here not alleged to be the case. We need not address the denial of expedited discovery, since the parties appear to be in agreement that the discovery issue has been rendered academic. Concerning the motion to dismiss, the cause of action for tortious interference with prospective business relations should have been dismissed for failure to allege any specific prospective relationship with which defendants interfered (*see, Korn v Princz*, 226 AD2d 278), and the cause of action for breach of the implied covenant of good faith and fair dealing should have been dismissed as redundant of the cause of action for breach of contract (*see, New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 319-320). Concur—Sullivan, J. P., Nardelli, Williams, Rubin and Andrias, JJ.