■ New York Tile Wholesale Corp., Plaintiff, v Thomas Fatato Realty Corp. et al., Defendants. (Action No. 1.) New York Tile Wholesale Corp., Formerly Known as Marble Flooring, Inc., Appellant, v Herrick Feinstein, LLP, et al., Respondents, et al., Defendants. (Action No. 2.) [61 NYS3d 136]—

Appeal by the plaintiff in action No. 2 from an order of the Supreme Court, Kings County (David I. Schmidt, J.), dated December 12, 2014. The order granted the motion of Herrick Feinstein, LLP, and Roman A. Bejger pursuant to CPLR 3211 (a) to dismiss the complaint in action No. 2 insofar as asserted against Roman A. Bejger and the second through fifth causes of action in action No. 2 insofar as asserted against Herrick Feinstein, LLP.

Ordered that the order is affirmed, with costs.

In 1986, New York Tile Wholesale Corp., then known as Marble Flooring, Inc. (hereinafter New York Tile), entered into an agreement with Thomas Fatato Realty Corp. (hereinafter Fatato Realty) to lease a portion of a property owned by Fatato Realty. The lease gave New York Tile a right of first refusal to purchase the property in the event that Fatato Realty offered it for sale. In October 2000, Fatato Realty transferred title to the property to Garden Estates, LLC (hereinafter Garden).

In December 2001, New York Tile commenced an action (hereinafter action No. 1) against Fatato Realty and Garden, inter alia, to recover damages for breach of the lease, alleging that Fatato Realty breached the right of first refusal provision, which was triggered by the sale of the subject property to Garden. New York Tile moved for summary judgment on certain causes of action, and the defendants in action No. 1 cross-moved for summary judgment dismissing those causes of action. In an order dated May 15, 2003, the Supreme Court denied the motion and granted the cross motion, and New York Tile appealed from that order. In a decision and order dated December 13, 2004, this Court, inter alia, determined that the transfer of title of the subject property to Garden "was not the equivalent of an outright 'sale' of the [subject] property to a third party in an arm's length transaction," since Fatato Realty indirectly held a 60% interest in Garden (*New York Tile Wholesale Corp. v Thomas Fatato Realty Corp.*, 13 AD3d 425, 428 [2004]). Nevertheless, this Court determined that the motion and the cross motion should both be denied as premature, and granted leave to renew upon the completion of discovery (*see id.*).

In October 2010, New York Tile commenced an action (hereinafter action No. 2) to recover damages for a violation of Judiciary Law § 487, fraud, tortious interference with contract, tortious interference with prospective business advantage, and

negligence, against, among others, Herrick Feinstein, LLP (hereinafter Herrick), the law firm that represented the defendants in action No. 1, and Roman A. Bejger, a former attorney for Herrick (hereinafter together the respondents). In action No. 2, New York Tile alleged, among other things, that after Herrick was retained as counsel for the defendants in action No. 1 in August 2002, Herrick "act[ed] in concert" with Fatato Realty to "deceive [the] plaintiff and the Court," falsely representing that Fatato Realty held a 60% interest in Garden, and thus, that there was no "sale" of the subject property so as to trigger the right of first refusal. New York Tile also alleged that Bejger, "under the supervision and direction of other [Herrick] attorneys," made handwritten changes to a document produced by Herrick in February 2007, to support the "phony defense" that there was no "sale" of the property. In July 2012, action No. 1 and action No. 2 were joined for trial.

In April 2014, the respondents moved pursuant to CPLR 3211 (a) to dismiss the complaint in action No. 2 insofar as asserted against Bejger, and to dismiss the second through fifth causes of action in that action insofar as asserted against Herrick. In an order dated December 12, 2014, the Supreme Court granted the respondents' motion. New York Tile appeals.

In considering a motion to dismiss pursuant to CPLR 3211 (a) (7), the court is required to accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]).

Here, even accepting New York Tile's allegations as true and giving it the benefit of every favorable inference, the complaint in action No. 2 fails to state a cause of action to recover damages for violation of Judiciary Law § 487 insofar as asserted against Bejger, as New York Tile failed to allege sufficient facts to establish that Bejger intended to deceive it or the court (*see Klein v Rieff*, 135 AD3d 910, 912 [2016]; *Shaffer v Gilberg*, 125 AD3d 632, 636 [2015]; *Schiller v Bender, Burrows & Rosenthal, LLP*, 116 AD3d 756, 759 [2014]), or that Bejger's allegedly deceitful conduct proximately caused its damages (*see Barouh v Law Offs. of Jason L. Abelove*, 131 AD3d 988, 990 [2015]; *Gumarova v Law Offs. of Paul A. Boronow, P.C.*, 129 AD3d 911, 912 [2015]; *Mizuno v Nunberg*, 122 AD3d 594, 595 [2014]).

Furthermore, New York Tile failed to state a cause of action to recover damages for fraud insofar as asserted against the respondents. " 'The elements of a cause of action sounding in fraud are a material misrepresentation of an existing fact,

made with knowledge of the falsity, an intent to induce reliance thereon, justifiable reliance upon the misrepresentation, and damages' " (*Cruciata v O'Donnell & McLaughlin, Esqs.*, 149 AD3d 1034, 1035 [2017], quoting *Introna v Huntington Learning Ctrs., Inc.*, 78 AD3d 896, 898 [2010]). Here, New York Tile failed to allege that it reasonably relied on any misrepresentations made by the respondents, who represented the defendants in action No. 1 (*see Cascardo v Stacchini*, 100 AD3d 675, 676 [2012]). Further, New York Tile could not state a cause of action sounding in fraud based on its allegation that "[t]he Courts relied upon the [respondents'] misrepresentations," as a claim of third-party reliance requires an allegation that the third party "acted as a conduit to relay [any] false statement[s] to [the] plaintiff, who then relied on the misrepresentation[s] to [its] detriment" (*Pasternack v Laboratory Corp. of Am. Holdings*, 27 NY3d 817, 828 [2016]; *see Bynum v Keber*, 135 AD3d 1066, 1068 [2016]; *Briarpatch Ltd., L.P. v Frankfurt Garbus Klein & Selz, P.C.*, 13 AD3d 296, 297 [2004]). Here, there is no allegation that the courts acted as a conduit to relay the alleged misrepresentations to New York Tile.

Additionally, New York Tile failed to state a cause of action to recover damages for tortious interference with contract insofar as asserted against the respondents, since it failed to allege facts sufficient to establish that the respondents caused Fatato Realty to breach its lease with New York Tile (*see North Star Contr. Corp. v MTA Capital Constr. Co.*, 120 AD3d 1066, 1071 [2014]; *Ferrandino & Son, Inc. v Wheaton Bldrs., Inc., LLC*, 82 AD3d 1035, 1036 [2011]), or that the respondents even had knowledge of the lease at the time of the alleged breach, which preceded the retention of Herrick as counsel for the defendants in action No. 1 (*see Harrison v Samaritan Med. Ctr.*, 128 AD3d 1469, 1471 [2015]). Further, New York Tile could not state a cause of action sounding in tortious interference with contract based on its allegation that the respondents "procured . . . the continuation of the breach of [its] Right of First Refusal," since tortious interference with contract is not a continuing tort (*see Spinap Corp. v Cafagno*, 302 AD2d 588, 588 [2003]).

Furthermore, New York Tile failed to state a cause of action to recover damages for tortious interference with prospective business advantage insofar as asserted against the respondents, since it did not allege any specific business relationship with an identified third party with which the respondents interfered (*see Business Networks of N.Y. v Complete Network Solutions*, 265 AD2d 194, 195 [1999]).

Additionally, New York Tile failed to state a cause of action to recover damages for negligence insofar as asserted against the respondents, as it did not allege that the respondents owed it a duty of care (*see MVB Collision, Inc. v Allstate Ins. Co.*, 129 AD3d 1041, 1042 [2015]). "New York law does not recognize any liability on the part of an attorney to a nonclient third party for injuries sustained as a result of an attorney's actions in representing his client absent fraud, collusion, or a malicious or tortious act" (*Michalic v Klat*, 128 AD2d 505, 506 [1987]). Here, New York Tile raised only conclusory allegations of fraud or collusion by the respondents, which were insufficient to support a cause of action sounding in negligence (*see Benzemann v Citibank N.A.*, 149 AD3d 586 [2017]; *Doo v Berger*, 227 AD2d 435, 436 [1996]).

In light of our determination, we need not reach the parties' remaining contentions.

Accordingly, the Supreme Court properly granted the respondents' motion pursuant to CPLR 3211 (a) to dismiss the complaint in action No. 2 insofar as asserted against Bejger, and to dismiss the second through fifth causes of action in that action insofar as asserted against Herrick. Mastro, J.P., Leventhal, Miller and Brathwaite Nelson, JJ., concur.