Mehrhof v Monroe-Woodbury Cent. Sch. Dist. (2019 NY Slip Op 00110)





Mehrhof v Monroe-Woodbury Cent. Sch. Dist.


2019 NY Slip Op 00110


Decided on January 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
JEFFREY A. COHEN
LINDA CHRISTOPHER, JJ.


2017-06677
 (Index No. 6561/16)

[*1]Edward J. Mehrhof, appellant, 
v
Monroe-Woodbury Central School District, et al., respondents.


William W. Frame, Middletown, NY, for appellant.
Drake Loeb PLLC, New Windsor, NY (Nicholas A. Pascale of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for breach of contract and tortious interference with prospective economic advantage, the plaintiff appeals from an order of the Supreme Court, Orange County (Elaine Slobod, J.), dated May 1, 2017. The order granted the defendants' motion pursuant to CPLR 3211(a)to dismiss the amended complaint.
ORDERED that the order is affirmed, with costs.
On January 27, 2010, the plaintiff entered into a "Superintendent's Employment Contract" (hereinafter the superintendent's contract) with the defendant Board of Education of the Monroe-Woodbury Central School District (hereinafter the Board), which provided for a three-year term of employment. Paragraph 14 of the superintendent's contract stated that the plaintiff could be discharged from employment prior to the expiration of the three-year term for "good and just cause" upon a majority vote of the entire Board. In an "Amended Superintendent's Employment Contract" (hereinafter the amended superintendent's contract, and together with the superintendent's contract, the contracts) dated January 27, 2012, the term of the plaintiff's employment was extended through June 30, 2014. An "Amendment to Employment Contract" (hereinafter the amendment) dated June 12, 2013, extended the plaintiff's term of employment through June 30, 2015, and provided that the Board may meet by January 30, 2015, to consider extending the plaintiff's employment for an additional year. In a "Statement of Reasons for Termination" dated May 22, 2014, the Board terminated the plaintiff's employment pursuant to paragraph 14 of the amended superintendent's contract. Thereafter, the plaintiff's attorney sent a letter dated May 30, 2014, to the president of the board, the defendant Eleni Kikiras Carter, notifying Carter that the plaintiff was appealing the termination of his employment to an independent hearing officer designated by the Board (hereinafter the appeal to a hearing officer). Thereafter, Carter sent a letter to the plaintiff dated June 11, 2014, advising him that regardless of the result of the appeal to a hearing officer, the plaintiff's contract would not continue beyond June 30, 2015. The Board memorialized that letter with a formal resolution dated July 8, 2014. The plaintiff did not pursue the appeal to a hearing officer.
In September 2015, the plaintiff served a notice of claim upon the Board and the Monroe-Woodbury Central School District (hereinafter the district). In May 2016, the plaintiff commenced this action against the Board, the district, and Carter (hereinafter collectively the defendants). The complaint, and a subsequent amended complaint, alleged causes of action to [*2]recover damages for breach of contract and tortious interference with prospective business advantage. In January 2017, the defendants moved pursuant to CPLR 3211(a)(1), (5), and (7) to dismiss the amended complaint. In support of their motion, they submitted, inter alia, the amended complaint, the superintendent's contract, the amended superintendent's contract, the amendment, and the Board resolutions. The plaintiff opposed the motion. The Supreme Court granted the motion, and the plaintiff appeals.
In considering a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 88; Meyer v North Shore-Long Is. Jewish Health Sys., Inc., 137 AD3d 880, 880-881; Sokol v Leader, 74 AD3d 1180, 1181). In order to state a cause of action to recover for tortious interference with prospective economic advantage, the plaintiff must allege a specific business relationship with an identified third party with which the defendants interfered (see New York Tile Wholesale Corp. v Thomas Fatato Realty Corp., 153 AD3d 1351, 1354; Business Networks of N.Y. v Complete Network Solutions, 265 AD2d 194, 195; Burns Jackson Miller Summit & Spitzer v Linder, 88 AD2d 50, 72, affd 59 NY2d 314). We agree with the Supreme Court that the plaintiff did not adequately plead a cause of action to recover for tortious interference with prospective economic advantage. The plaintiff did not identify any third parties with which he had a current or prospective economic relationship (see e.g. Murphy v City of New York, 59 AD3d 301, 302). Moreover, to the extent the plaintiff alleges that the defendants interfered with a prospective contract, rather than an existing contract, we agree with the court's determination that the plaintiff failed to adequately allege that the defendants engaged in the requisite culpable conduct (see Guard-Life Corp. v Parker Hardware Mfg. Corp., 50 NY2d 183; Law Offs. of Ira H. Leibowitz v Landmark Ventures, Inc., 131 AD3d 583, 585).
"To succeed on a motion to dismiss based upon documentary evidence pursuant to CPLR 3211(a)(1), the documentary evidence must utterly refute the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Golia v Vieira, 162 AD3d 865, 866 [internal quotation marks omitted]; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314; Leon v Martinez, 84 NY2d at 83; M.H. Mandelbaum Orthotic & Prosthetic Servs., Inc. v Werner, 126 AD3d 857, 858; Gould v Decolator, 121 AD3d 845, 847). "In order for evidence submitted under a CPLR 3211(a)(1) motion to qualify as documentary evidence,' it must be unambiguous, authentic, and undeniable'" (Cives Corp. v George A. Fuller Co., Inc., 97 AD3d 713, 714, quoting Granada Condominium III Assn. v Palomino, 78 AD3d 996, 996-997). "[I]t is clear that judicial records, as well as documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are essentially undeniable,' would qualify as documentary evidence' in the proper case" (Fontanetta v John Doe 1, 73 AD3d 78, 84-85, quoting David D. Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:10).
In support of their motion, the defendants submitted the contracts and the amendment, and two board resolutions. These materials are "documentary evidence" within the meaning of CPLR 3211(a)(1), because they reflect the official out-of-court transactions concerning the plaintiff's employment and the termination of the plaintiff's employment. We agree with the Supreme Court's determination granting that branch of the defendants' motion which was pursuant to CPLR 3211(a)(1) to dismiss the breach of contract cause of action. We also agree with the court's determinations that the documents refute the plaintiff's allegation that he is entitled to recover accrued benefits for the 2014-2015 school year, and that since the plaintiff's employment was not automatically renewed for the 2015-2016 school year, he was not entitled to any damages for salary and benefits for that school year.
The plaintiff's remaining contentions are either without merit or rendered academic by our determination.
SCHEINKMAN, P.J., DILLON, COHEN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court