Kastin v GEICO Gen. Ins. Co. (2021 NY Slip Op 00160)





Kastin v GEICO Gen. Ins. Co.


2021 NY Slip Op 00160


Decided on January 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2018-10147
2019-01743
 (Index No. 610974/17)

[*1]Gordon H. Kastin, appellant, 
v
GEICO General Insurance Company, respondent.


Jaroslawicz & Jaros PLLC, New York, NY (David Tolchin and Daniel C. Perrone III of counsel), for appellant.
Montfort, Healy, McGuire & Salley LLP, Garden City, NY (Donald S. Neumann, Jr., of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (R. Bruce Cozzens, Jr., J.), entered July 9, 2018, and (2) an order of the same court entered January 4, 2019. The order entered July 9, 2018, granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint. The order entered January 4, 2019, denied the plaintiff's motion for leave to reargue its opposition to the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the appeal from the order entered January 4, 2019, is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order entered July 9, 2018, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
On June 6, 2016, the plaintiff allegedly sustained personal injuries while operating a vehicle which was struck in the rear by another vehicle. The plaintiff's vehicle was insured by the defendant under an automobile insurance policy, which included coverage for supplementary uninsured/underinsured motorist (hereinafter SUM) benefits, with a coverage limit of $250,000 per person. In September 2017, the plaintiff sent a letter to the defendant to demand that it tender the full policy limit of $250,000 under the SUM endorsement. In a responsive letter, the defendant stated that it was "willing to negotiate any claim in good faith," and that "[u]pon completion of our review, we will contact you to discuss the merits of this case." In October 2017, the plaintiff commenced this action, inter alia, to recover damages for breach of contract and fraud, alleging, among other things, that the defendant "refused to make payment." The defendant moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint. In an order entered July 9, 2018, the Supreme Court granted the defendant's motion. The plaintiff appeals.
"On a motion pursuant to CPLR 3211(a)(7) to dismiss a complaint for failure to state a cause of action, the court must accept the facts alleged in the complaint as true, accord the plaintiff [*2]the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Pacific W., Inc. v E & A Restoration, Inc., 178 AD3d 834, 835; see Leon v Martinez, 84 NY2d 83, 87-88). "Where . . . evidentiary material is submitted and considered on a motion pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and the motion should not be granted unless the movant can show that a material fact as claimed by the plaintiff is not a fact at all and unless it can be said that no significant dispute exists regarding it" (Pacific W., Inc. v E & A Restoration, Inc., 178 AD3d at 835).
Here, the evidentiary material submitted in support of the defendant's motion conclusively established that the plaintiff's allegation that the defendant "refused to make payment" under the subject policy was not a fact at all (see McKee v McKee, 171 AD3d 909, 911). Thus, the plaintiff failed to state a cause of action alleging breach of contract.
Furthermore, the plaintiff failed to state a cause of action alleging fraud. "The elements of a cause of action sounding in fraud are a material misrepresentation of an existing fact, made with knowledge of the falsity, an intent to induce reliance thereon, justifiable reliance upon the misrepresentation, and damages" (New York Tile Wholesale Corp. v Thomas Fatato Realty Corp., 153 AD3d 1351, 1353-1354 [internal quotation marks omitted]). "Where a cause of action is based on a misrepresentation or fraud, 'the circumstances constituting the wrong shall be stated in detail'" (Hiu Ian Cheng v Salguero, 164 AD3d 768, 770, quoting CPLR 3016[b]). Here, the plaintiff's conclusory allegations that the defendant had no intention of paying the plaintiff the benefits owed under the policy are insufficient to state a cause of action alleging fraud (see New York Univ. v Continental Ins. Co., 87 NY2d 308, 318).
The plaintiff also failed to state a cause of action alleging a violation of General Business Law § 349, since this action simply involves a private contract dispute involving coverage under the subject policy, in contrast to deceptive conduct aimed at the public at large (see Zawahir v Berkshire Life Ins. Co., 22 AD3d 841, 842).
The plaintiff's remaining contentions are without merit.
Accordingly, the Supreme Court properly granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
AUSTIN, J.P., MILLER, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court