Mesivta & Yeshiva Gedolah of Manhattan Beach v VNB N.Y., LLC (2021 NY Slip Op 04751)





Mesivta & Yeshiva Gedolah of Manhattan Beach v VNB N.Y., LLC


2021 NY Slip Op 04751


Decided on August 25, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 25, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2018-10903
 (Index No. 511965/17)

[*1]Mesivta and Yeshiva Gedolah of Manhattan Beach, appellant, 
v
VNB New York, LLC, etc., respondent.


Aron Law PLLC, Brooklyn, NY (Joseph H. Aron of counsel), for appellant.
Mantel McDonough Riso, LLP, New York, NY (Gerard A. Riso and Mark I. Chinitz of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, fraud, and violation of Real Property Law § 254, the plaintiff appeals from an order of the Supreme Court, Kings County (Wavny Toussaint, J.), dated July 16, 2018. The order, insofar as appealed from, granted those branches of the defendant's motion which were pursuant to CPLR 3211(a) to dismiss the first, seventh, eighth, and tenth causes of action.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to recover damages for, inter alia, breach of contract, fraud, and violation of Real Property Law § 254. Prior to joinder of issue, the defendant moved pursuant to CPLR 3211(a) to dismiss the complaint. The defendant contended, among other things, that the action was barred by a release contained in a forbearance and settlement agreement dated January 16, 2013, previously entered into by the plaintiff in connection with its settlement of a prior foreclosure action that was commenced against it.
In an order dated July 16, 2018, the Supreme Court, among other things, granted the defendant's motion. The plaintiff appeals, contending that the court erred in directing the dismissal of the first, seventh, eighth, and tenth causes of action. We affirm the order insofar as appealed from.
Public policy favors the enforcement of settlements (see Booth v 3669 Delaware, 92 NY2d 934, 935), and a release is "a jural act of high significance without which the settlement of disputes would be rendered all but impossible" (Mangini v McClurg, 24 NY2d 556, 563). "[A] release is governed by principles of contract law" (id. at 562), and a release "that is complete, clear, and unambiguous on its face must be enforced according to the plain meaning of its terms" (Alvarez v Amicucci, 82 AD3d 687, 688; see Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d 269, 276).
Here, the first cause of action sought to recover damages for breach of contract. Contrary to the plaintiff's contention, the Supreme Court properly determined that the first cause of action was barred by the release contained in the forbearance and settlement agreement that was [*2]executed by the plaintiff to settle the prior foreclosure action (see generally Inter-Reco, Inc. v Lake Park 175 Froehlich Farm, LLC, 106 AD3d 955, 956; Bank v Lake, 284 AD2d 355, 356). Accordingly, the court properly granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(1) to dismiss the first cause of action.
The tenth cause of action sought, in effect, remittal of certain insurance proceeds pursuant to Real Property Law § 254. Contrary to the plaintiff's contention, the Supreme Court properly granted that branch of the defendant's motion which was to dismiss the tenth cause of action. The plaintiff's remedy, under the circumstances presented here, was limited to an offset of the principal balance of the mortgage debt by the amount of the insurance proceeds (see Real Property Law § 254[4]; see generally Federal Natl. Mtge. Assn. v Azoulay, 169 AD3d 647, 648), and not direct remittance of the insurance proceeds, which is the relief sought here. In any event, the release contained in the forbearance and settlement agreement dated January 16, 2013, bars any attempt to recover any such offset.
Finally, the plaintiff contends that the Supreme Court erred in determining that the complaint failed to state a cause of action to recover damages for fraud as set forth in the seventh and eighth causes of action. This contention is also without merit. "'The elements of a cause of action sounding in fraud are a material misrepresentation of an existing fact, made with knowledge of the falsity, an intent to induce reliance thereon, justifiable reliance upon the misrepresentation, and damages'" (Kastin v GEICO Gen. Ins. Co., 190 AD3d 710, 712, quoting New York Tile Wholesale Corp. v Thomas Fatato Realty Corp., 153 AD3d 1351, 1353-1354 [internal quotation marks omitted]). "Where a cause of action is based on a misrepresentation or fraud, 'the circumstances constituting the wrong shall be stated in detail'" (Kastin v GEICO Gen. Ins. Co., 190 AD3d at 712, quoting Hiu Ian Cheng v Salguero, 164 AD3d 768, 770 [internal quotation marks omitted]; see CPLR 3016[b]). Here, the plaintiff's allegations in support of the causes of action alleging fraud consisted of conclusory assertions, and thus, were insufficient to state a cause of action to recover damages for fraud (see Kastin v GEICO Gen. Ins. Co., 190 AD3d at 712; New York Tile Wholesale Corp. v Thomas Fatato Realty Corp., 153 AD3d at 1354). Accordingly, the court properly granted those branches of the defendant's motion which were pursuant to CPLR 3211(a)(7) to dismiss the seventh and eighth causes of action.
The parties' remaining contentions either need not be reached in light of our determination, are not properly before this Court, or are without merit.
DILLON, J.P., MILLER, BARROS and CONNOLLY, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court