Hirsch v Walder (2022 NY Slip Op 00124)





Hirsch v Walder


2022 NY Slip Op 00124


Decided on January 11, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 11, 2022

Before: Renwick, J.P., Kapnick, Moulton, Kennedy, Scarpulla, JJ. 


Index No. 151690/20 Appeal No. 15006 Case No. 2021-00925 

[*1]Eric Hirsch, Plaintiff-Respondent,
v
Pashman Stein Walder et al., Defendants-Appellants.


Rivkin Radler LLP, Uniondale (Cheryl F. Korman of counsel), for appellants.
A. Cohen Law Firm, P.C., Valley Stream (Avinoam Cohen of counsel), for respondent.



Order, Supreme Court, New York County (Paul A. Goetz, J.), entered March 1, 2021, which, to the extent appealed from, denied defendants' motion to dismiss the legal malpractice cause of action based on an insurance claim for property damage incurred in 2014, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint.
Defendants' documentary evidence — in particular, the insurance policy at issue in the underlying action brought by plaintiff against the insurer and the condominium — demonstrates conclusively that plaintiff could not have prevailed in that action even if defendants had not missed the contractual limitations period. Thus, plaintiff failed to show, as required to state a cause of action for legal malpractice, that but for defendants' conduct he would have prevailed in the underlying action (see Weil, Gotshal & Manges, LLP v Fashion Boutique of Short Hills, Inc., 10 AD3d 267, 272 [1st Dept 2004]).
While defendants did not commence suit against the insurance company within the two-year period of the policy after the 2014 loss, the documentary evidence establishes that the policy afforded no coverage for plaintiff's loss. The policy unambiguously limits coverage to premises in which the insured resides and it is undisputed that plaintiff did not reside at the Condo Unit at the time of the loss (see Metropolitan Prop. & Cas. Ins. Co. v Pulido, 271 AD2d 57 [2d Dept 2000]). In light of this conclusion, we need not address the remaining arguments raised by defendants on appeal. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 11, 2022