Gruber v Donaldsons, Inc. (2022 NY Slip Op 00405)





Gruber v Donaldsons, Inc.


2022 NY Slip Op 00405


Decided on January 26, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
COLLEEN D. DUFFY, J.P.
FRANCESCA E. CONNOLLY

SYLVIA O. HINDS-RADIX, J.P.
LARA J. GENOVESI, JJ.


2019-06502
 (Index No. 613224/18)

[*1]Kevin W. Gruber, etc., et al., respondents-appellants,
v
Donaldsons, Inc., appellant-respondent, et al., defendants.


LaBonte Law Group, PLLC, Jericho, NY (Scott H. Mandel of counsel), for appellant-respondent.
Clare M. Sproule, Wantagh, NY, for respondents-appellants.
Kelly, Rode & Kelly, LLP, Mineola, NY (Eric P. Tosca of counsel), for defendants.



DECISION & ORDER
In an action, inter alia, to recover damages for fraud, the defendant Donaldsons, Inc., appeals, and the plaintiffs cross-appeal, from an order of the Supreme Court, Nassau County (Jack L. Libert, J.), entered April 5, 2019. The order, insofar as appealed from, denied that branch of the motion of the defendant Donaldsons, Inc., which was pursuant to CPLR 3211(a) to dismiss the cause of action to recover damages for fraud insofar as asserted against it. The order, insofar as cross-appealed from, granted those branches of the motion of the defendant Donaldsons, Inc., which were pursuant to CPLR 3211(a) to dismiss the causes of action alleging equitable estoppel and to recover damages for negligent infliction of emotional distress insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
On October 6, 2014, a vehicle registered to Kevin Gruber and being driven by Thomas Difolco was involved in an accident with a motorcycle driver who allegedly suffered serious injuries. The motorcycle driver commenced a personal injury action against Gruber and Difolco. The defendant Russo & Tambasco (hereinafter the GEICO attorneys) represented Gruber and Difolco in connection with the personal injury action. The motorcycle driver obtained summary judgment on the issue of liability, making Gruber potentially liable for any award of damages or settlement that went beyond the insurance policy limits.
On September 30, 2018, Gruber and Difolco commenced the instant action against Donaldsons, Inc. (hereinafter Donaldsons), a car dealership, GEICO General Insurance Company, Inc. (hereinafter GEICO), and the GEICO attorneys. As against Donaldsons, the complaint asserted causes of action alleging fraud, equitable estoppel, and negligent infliction of emotional distress. Specifically, the plaintiffs alleged that Donaldsons fraudulently induced Gruber to purchase and become the registered owner of the vehicle, which was intended for the use of Difolco, by misrepresenting that only the person named in the insurance policy for the vehicle, and not the registered owner of the vehicle, had any liability for the vehicle. The complaint also alleged that [*2]Donaldsons fraudulently secured insurance coverage for the vehicle through GEICO, in Difolco's name and that GEICO issued a New York State Insurance identification card to Gruber, even though Gruber allegedly was not named in the insurance policy. On or about November 21, 2018, Donaldsons moved, inter alia, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it.
By order entered April 5, 2019, the Supreme Court denied that branch of Donaldsons's motion which was to dismiss the cause of action to recover damages for fraud, but granted those branches of the motion which were to dismiss the causes of action alleging equitable estoppel and to recover damages for negligent infliction of emotional distress. Donaldsons appeals, and Gruber and Difolco cross-appeal, from the order.
"Under CPLR 3211(a)(1), a dismissal is warranted only where the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Bianco v Law Offs. of Yuri Prakhin, 189 AD3d 1326, 1327-1328; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326).
"On a motion to dismiss pursuant to CPLR 3211(a)(7), the complaint is to be afforded a liberal construction, the facts alleged are presumed to be true, the plaintiff is afforded the benefit of every favorable inference, and the court is to determine only whether the facts as alleged fit within any cognizable legal theory" (Gorbatov v Tsirelman, 155 AD3d 836, 837). "Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal shall not eventuate" (Agai v Liberty Mut. Agency Corp., 118 AD3d 830, 832; see Guggenheimer v Ginzburg, 43 NY2d 268, 275).
"The elements of a cause of action sounding in fraud are a material misrepresentation of an existing fact, made with knowledge of the falsity, an intent to induce reliance thereon, justifiable reliance upon the misrepresentation, and damages" (Mesivta & Yeshiva Gedolah of Manhattan Beach v VNB N.Y., LLC, 197 AD3d 703, 705 [internal quotation marks omitted]; see
Kastin v GEICO Gen. Ins. Co., 190 AD3d 710, 712). Where a cause of action is based upon fraud, the circumstances constituting the alleged wrong must be stated in detail (see CPLR 3016[b]; Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559). However, the pleading requirements of CPLR 3016(b) may be met when the facts are sufficient to permit a reasonable inference of the alleged conduct (see Pludeman v Northern Leasing Sys., Inc., 10 NY3d 486, 492; Minico Ins. Agency, LLC v. AJP Contr. Corp., 166 AD3d 605, 608).
Here, assuming the facts alleged to be true and according Gruber and Difolco the benefit of every favorable inference (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d at 326; Leon v Martinez, 84 NY2d 83, 87-88), Gruber and Difolco set forth a cognizable cause of action against Donaldsons to recover damages for fraud, and stated in sufficient detail the facts constituting the alleged wrong (see Qureshi v Vital Transp., Inc., 173 AD3d 1076, 1077-1078; Minico Ins. Agency, LLC v AJP Contr. Corp., 166 AD3d at 608; Hiu Ian Cheng v Salguero, 164 AD3d 768, 770). Since Donaldsons failed to utterly refute the allegations of fraud, and since the evidentiary materials submitted by Donaldsons did not demonstrate, as a matter of law, that Gruber and Difolco did not have a cause of action to recover damages for fraud against Donaldsons, the Supreme Court properly denied that branch of Donaldsons's motion which was pursuant to CPLR 3211(a) to dismiss the cause of action alleging fraud insofar as asserted against it.
The Supreme Court properly directed dismissal of the cause of action alleging equitable estoppel. The purpose of equitable estoppel "is to prevent someone from enforcing rights that would work injustice on the person against whom enforcement is sought" (Matter of Shondel J. v Mark D., 7 NY3d 320, 326). Since there is no allegation that Donaldson has asserted any rights against Gruber and Difolco, the court properly directed dismissal of the cause of action alleging equitable estoppel.
Finally, the Supreme Court did not err in directing dismissal of the cause of action to recover damages for negligent infliction of emotional distress. Although denominated as a cause of action to recover damages for negligent infliction of emotional distress, the cause of action was premised only on allegations of intentional conduct, "which cannot form the basis of a cause of action sounding in negligence" (Trayvilla v Japan Airlines, 178 AD3d 746, 747; see Scifo v Taibi, 198 AD3d 704.
DUFFY, J.P., CONNOLLY, HINDS-RADIX and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court