Maursky v Latham (2023 NY Slip Op 04115)

Maursky v Latham

2023 NY Slip Op 04115

Decided on August 2, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 2, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2020-05603
 (Index No. 602661/20)

[*1]Victoria Maursky, appellant, 
v
Christopher D. Latham, et al., respondents.

Costello, Shea & Gaffney, LLP, Rockville Centre, NY (Frederick N. Gaffney and Emmarie A. Etheridge of counsel), for appellant.
Rivkin Radler, LLP, Uniondale, NY (Cheryl F. Korman and Shari C. Lewis of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Nassau County (Denise L. Sher, J.), entered June 18, 2020. The order granted the defendants' motion pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint is denied.
The defendants, a law firm and an attorney, represented the plaintiff in connection with a disability insurance claim. The plaintiff's disability insurance policy provided, in relevant part, that "[n]o action or suit will be brought to recover under the [policy] . . . unless it is brought within 2 years." In her complaint, the plaintiff alleged that, "after waiting a number of years and having little communication," the defendant Christopher D. Latham informed the plaintiff "that he had failed to sue at the appropriate time" and "had missed a crucial deadline necessary in order to maintain the suit." The plaintiff further alleged that, "[h]ad it not been for the negligence of [the] defendant[s] in failing to meet the statutory deadline, [the] plaintiff would have prevailed in the underlying matter, being able to recover on her disability insurance claim."
In February 2020, the plaintiff commenced this legal malpractice action. The defendants moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint, submitting the plaintiff's summons and complaint, the plaintiff's disability insurance policy, and the insurer's denial letter dated December 31, 2016 (hereinafter the coverage denial letter). In opposition, the plaintiff submitted, among other things, an affidavit stating, inter alia, that a 2014 motor vehicle accident rendered her "disabled and unable to work," that she retained the defendants in 2015 to appeal her insurer's initial denial of disability insurance coverage, that she contacted the defendants multiple times "to discuss the status of [her] case," and that Latham "assured [her] that he was handling the case effectively" until, in August 2019, Latham allegedly informed the plaintiff that he had "missed the statute of limitations."
In an order dated June 17, 2020, the Supreme Court granted the defendants' motion. The plaintiff appeals.
On a motion to dismiss for failure to state a cause of action under CPLR 3211(a)(7), a court must "accept the facts as alleged in [a] complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88; see Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 141). "[A]ny deficiencies in the complaint may be amplified by supplemental pleadings and other evidence" (AG Capital Funding Partners, L.P. v State St. Bank & Trust Co., 5 NY3d 582, 591). "[A]ffidavits may be used freely to preserve inartfully pleaded, but potentially meritorious, claims" (Rovello v Orofino Realty Co., 40 NY2d 633, 635), and "a court may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint" (Leon v Martinez, 84 NY2d at 88). "The test of the sufficiency of a pleading is whether it gives sufficient notice of the . . . occurrences[ ] or series of . . . occurrences intended to be proved and whether the requisite elements of any cause of action known to our law can be discerned from its averments" (Hampshire Props. v BTA Bldg. & Developing, Inc., 122 AD3d 573, 573 [internal quotation marks omitted]).
"'Where a court considers evidentiary material[s] in determining a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), but does not convert the motion into one for summary judgment, the criterion becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless the movant shows that a material fact as claimed by the plaintiff is not a fact at all and no significant dispute exists regarding the alleged fact, the complaint shall not be dismissed'" (Lopez v Lozner & Mastropietro, P.C., 166 AD3d 871, 872, quoting Bodden v Kean, 86 AD3d 524, 526; see Guggenheimer v Ginzburg, 43 NY2d 268, 275). "'To state a cause of action to recover damages for legal malpractice, a plaintiff must allege: (1) that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession; and (2) that the attorney's breach of the duty proximately caused the plaintiff actual and ascertainable damages'" (Katsoris v Bodnar & Milone, LLP, 186 AD3d 1504, 1505, quoting Dempster v Liotti, 86 AD3d 169, 176; see Silverman v Eccleston Law, LLC, 208 AD3d 705, 706). "'Whether the complaint will later survive a motion for summary judgment, or whether the plaintiff will ultimately be able to prove its claims, of course, plays no part in the determination of a prediscovery CPLR 3211 motion to dismiss'" (Lopez v Lozner & Mastropietro, P.C., 166 AD3d at 872-873, quoting Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, 38 AD3d 34, 38).
"A motion to dismiss on the ground that the action is barred by documentary evidence pursuant to CPLR 3211(a)(1) may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, [thereby] conclusively establishing a defense as a matter of law" (Qureshi v Vital Transp., Inc., 173 AD3d 1076, 1077; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; Davis v Henry, 212 AD3d 597, 597). "[T]o be considered 'documentary,' evidence must be unambiguous and of undisputed authenticity" (Fontanetta v John Doe 1, 73 AD3d 78, 86). "[J]udicial records, as well as documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are essentially undeniable, would qualify as documentary evidence in the proper case" (id. at 84-85 [internal quotation marks omitted]). "Neither affidavits, deposition testimony, nor letters are considered documentary evidence within the intendment of CPLR 3211(a)(1)" (J.A. Lee Elec., Inc. v City of New York, 119 AD3d 652, 653 [internal quotation marks omitted]).
Here, the coverage denial letter from the plaintiff's insurer did not constitute documentary evidence within the intendment of CPLR 3211(a)(1) (see Bonavita v Government Empls. Ins. Co., 185 AD3d 892, 893-894; Minchala v 829 Jefferson, LLC, 177 AD3d 866, 868; cf. Attallah v Milbank, Tweed, Hadley & McCloy, LLP, 168 AD3d 1026, 1028). In any event, the coverage denial letter and the plaintiff's insurance policy did not utterly refute or conclusively establish a defense to the plaintiff's claims (see Gruber v Donaldsons, Inc., 201 AD3d 887, 889; County of Westchester v Unity Mech. Corp., 165 AD3d 883, 885; cf. Hirsch v Walder, 201 AD3d 467, 467; Warshaw Burstein Cohen Schlesinger & Kuh, LLP v Longmire, 106 AD3d 536, 537). Moreover, to the extent that the complaint was vague as to the nature of the allegations of legal malpractice and otherwise deficient, the evidence submitted, including the plaintiff's affidavit, sufficiently remedied any pleading defects and put the defendants on notice of the grounds for her [*2]cause of action alleging legal malpractice (see Lopez v Lozner & Mastropietro, P.C., 166 AD3d at 873; Harris v Barbera, 96 AD3d 904, 906; cf. Katsoris v Bodnar & Milone, LLP, 186 AD3d at 1506).
Accordingly, the Supreme Court should have denied the defendants' motion pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint.
The parties' remaining contentions either are without merit or need not be reached in light of the above determination.
BARROS, J.P., MILLER, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court