Skalyo v Alessi (2024 NY Slip Op 01462)

Skalyo v Alessi

2024 NY Slip Op 01462

Decided on March 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, BANNISTER, GREENWOOD, AND DELCONTE, JJ.

1023 CA 22-00860

[*1]GARY J. SKALYO, PLAINTIFF,
v
DONALD ALESSI, SR., ESQ., ALESSI LAW FIRM, DEFENDANTS-APPELLANTS, WILLIAM ILECKI, ESQ., ILECKI & OSTROWSKI, LLP, DEFENDANTS-RESPONDENTS, ET AL., DEFENDANT. 

RICHARD G. COLLINS, WEST SENECA, FOR DEFENDANTS-APPELLANTS.
CONNORS LLP, BUFFALO (CHRISTINA M. EATON OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered May 23, 2022. The order granted the motion of defendants William Ilecki, Esq., and Ilecki & Ostrowski, LLP, to dismiss plaintiff's first cause of action against them and the cross-claim against them. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff was represented by defendant Donald Alessi, Sr., Esq. (Alessi) and defendant Alessi Law Firm (collectively, Alessi defendants) in settlement negotiations in a divorce proceeding with his now-former wife, who was represented by defendant William Ilecki, Esq. (Ilecki) and defendant Ilecki & Ostrowski, LLP (collectively, Ilecki defendants). Plaintiff commenced this action seeking to recover damages allegedly arising when an unknown third party gained unauthorized access to email exchanges between Alessi and Ilecki concerning plaintiff's promise to pay a lump sum of money to plaintiff's former wife in exchange for mutual releases. The unknown third party, who posed as Ilecki in the email exchanges, induced Alessi to wire transfer plaintiff's money to the unknown third party's account. The Alessi defendants asserted a cross-claim against the Ilecki defendants based on allegations that the loss of plaintiff's money was caused by the Ilecki defendants' negligence. The Alessi defendants now appeal from an order granting the Ilecki defendants' motion to dismiss plaintiff's cause of action for negligence and the cross-claim against them for failure to state a cause of action (see CPLR 3211 [a] [7]). We affirm.
"It is settled law that 'absent fraud, collusion, malicious acts or other special circumstances, an attorney is not liable to third parties not in privity for harm caused by professional negligence' " (Deni v Air Niagara, 190 AD2d 1011, 1011 [4th Dept 1993]; see Ginther v Jones, 35 AD3d 1224, 1224 [4th Dept 2006], lv denied 8 NY3d 810 [2007]; Andrewski v Devine, 280 AD2d 992, 992 [4th Dept 2001]). Here, it is undisputed that plaintiff, who was not a client of the Ilecki defendants, is not in privity with them. Moreover, plaintiff's complaint and the Alessi defendants' cross-claim allege only that the Ilecki defendants had a duty of care to plaintiff based on plaintiff's role as the adverse party to a client represented by the Ilecki defendants, but those allegations do not support liability against the Ilecki defendants (see Ginther, 35 AD3d at 1224; see generally Deni, 190 AD2d at 1011), and plaintiff and the Alessi defendants failed to allege any fraud, collusion, or malicious acts by the Ilecki defendants or other special circumstances that would give rise to liability for harm caused by professional negligence (see generally Deni, 190 AD2d at 1011).
In light of our determination, we do not consider the Ilecki defendants' remaining contention.
Entered: March 15, 2024
Ann Dillon Flynn
Clerk of the Court