Casares v Village of Westbury (2026 NY Slip Op 01028)

Casares v Village of Westbury

2026 NY Slip Op 01028

Decided on February 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2023-02437
 (Index No. 289/22)

[*1]Denise Casares, appellant, 
vVillage of Westbury, et al., respondents.

Denise Casares, Westbury, NY, appellant pro se.
Milber, Makris, Plousadis & Seiden, LLP, Islip Terrace, NY (William E. Morrissey, Jr., of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for mental anguish, the plaintiff appeals from an order of the Supreme Court, Nassau County (Diccia T. Pineda-Kirwan, J.), dated February 24, 2023. The order granted the defendants' motion pursuant to CPLR 3211(a)(7) to dismiss the amended complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for "mental anguish" stemming from the defendants' removal of a tree from the street in front of her property before she could mount a legal challenge to the tree's removal. The defendants moved pursuant to CPLR 3211(a)(7) to dismiss the amended complaint. In an order dated February 24, 2023, the Supreme Court granted the motion. The plaintiff appeals.
"'On a motion to dismiss pursuant to CPLR 3211(a)(7), the complaint is to be afforded a liberal construction, the facts alleged are presumed to be true, the plaintiff is afforded the benefit of every favorable inference, and the court is to determine only whether the facts as alleged fit within any cognizable legal theory'" (Weinstein v Levitin, 208 AD3d 531, 532, quoting Gruber v Donaldsons, Inc., 201 AD3d 887, 888; see Clevenger v Yuzek, 222 AD3d 931, 934). "Dismissal of the complaint is warranted if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery" (Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 142; see Wedgewood Care Ctr., Inc. v Kravitz, 198 AD3d 124, 130).
Here, contrary to the plaintiff's contention, the amended complaint does not assert a cause of action predicated upon negligent infliction of emotional distress. "A cause of action to recover damages for negligent infliction of emotional distress generally requires a plaintiff to show a breach of a duty owed to him [or her] which unreasonably endangered his [or her] physical safety, or caused him [or her] to fear for his [or her] own safety" (Borrerro v Haks Group, Inc., 165 AD3d 1216, 1219 [internal quotation marks omitted]; see Sacino v Warwick Val. Cent. Sch. Dist., 138 AD3d 717, 719). "[A]llegations of intentional conduct . . . 'cannot form the basis of a cause of action sounding in negligence'" (Davydov v Youssefi, 205 AD3d 881, 884, quoting Trayvilla v Japan [*2]Airlines, 178 AD3d 746, 747; see Gruber v Donaldsons, Inc., 201 AD3d at 889). Here, the Supreme Court properly granted the defendants' motion pursuant to CPLR 3211(a)(7) to dismiss the amended complaint for failure to state a cause of action, as the amended complaint failed to allege negligence (see Whitfield v Law Enforcement Empls. Benevolent Assn., 237 AD3d 1139; Gruber v Donaldsons, Inc., 201 AD3d at 889).
The defendants' remaining contentions are academic in light of the foregoing.
CHAMBERS, J.P., WOOTEN, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court