■ PAUL CORVINO, Respondent, v CBS, INC., Appellant. — In an action to recover damages resulting from fraudulent inducement to enter a contract, and for coercion in procuring termination of the contract, defendant appeals from an order of the Supreme Court, Westchester County (Slifkin, J.), entered March 18, 1980, which denied its motion to dismiss the complaint made on the grounds that the action could not be maintained because of a defense based on documentary evidence (CPLR 3211, subd [a], par 1) and because of release (CPLR 3211, subd [a], par 5). Order reversed, on the law, with $50 costs and disbursements, motion granted and complaint dismissed. The complaint contains two causes of action. In the first cause of action plaintiff alleges that

defendant fraudulently induced him to enter into a consulting agreement with it, dated May 12, 1977. Plaintiff claims that although defendant promised that it would give good-faith consideration to sports programs developed by him, it had no intention of doing so when it entered the subject agreement. In addition, plaintiff claims that defendant induced him to enter into the agreement in order to prevent him from revealing prior agreements between the parties which it wished to keep secret. In his second cause of action plaintiff claims that he was coerced into terminating the foregoing agreement of May 12, 1977 because of defendant's failure to give good-faith consideration to his programs. The defendant moved to dismiss the action pursuant to CPLR 3211 (subd [a], pars 1, 5) on the grounds that both causes of action were barred by a defense founded upon documentary evidence and release. The first cause of action must be dismissed because, in a writing signed by him and accepted by defendant, plaintiff released defendant from the terms of the agreement which is the subject of that cause of action. The release dated October 25, 1978 reads, in part, as follows: "Whereas I am desirous of terminating the Agreement, and you have agreed to same it is hereby agreed between you and me that said Agreement is terminated effective as of October 25, 1978 upon the following terms and conditions: 1. You will pay me the sum of Fifty-Seven Thousand Nine Hundred Seventy-Nine Dollars and Four Cents ($57,979.04) *in full and total settlement of all amounts due or that might become due for any reason whatsoever under the Agreement.*" (Emphasis supplied.) The bargained for consideration of $57,979.04 for the release has been paid by defendant and accepted by plaintiff. Hence, the first cause of action is barred. The second cause of action must likewise be dismissed. Plaintiff alleges that a "lack of good faith on the part of [defendant] constituted coercion of the plaintiff into agreeing to terminate the Agreement [of May 12, 1977]". Such alleged lack of good faith upon the part of defendant in performing the original contract, although perhaps constituting a breach of that contract, is insufficient to establish that plaintiff was coerced into executing the release of October 25, 1978 (cf. 17 NY Jur, Duress and Undue Influence, § 20). Accordingly, the second cause of action is legally deficient and must be dismissed. Mollen, P. J., Gulotta, Brown and Niehoff, JJ., concur.