LINTAS: CAMPBELL-EWALD COMPANY, Formerly CAMPBELL-EWALD COMPANY, Plaintiff, v 525 LEXINGTON AVENUE ASSOCIATES et al., Defendants and Third-Party Plaintiffs-Respondents, and MARRIOTT FAMILY RESTAURANTS, INC., as Successor to HOWARD JOHNSON COMPANY, Third-Party Defendant-Appellant.

Marriott Family Restaurants, Inc. is the successor in interest to the Howard Johnson Company, which managed a series of hotels known as "Plaza Hotels", including the Halloran House, a Manhattan hotel owned by 525 Lexington Avenue Associates and Morris Bailey. The relationship between Howard Johnson and 525 Lexington with respect to the management and operation of the Halloran House was governed by a "Hotel Management and Operating Agreement", referred to as the Agency Agreement, which expressly provided that 525 Lexington, as the owner of the Halloran House, is solely responsible for "[a]ll debts and liabilities to third persons incurred by [Howard Johnson] in the course of the perfor-

mance of its obligations" under the agreement. Section 5.2.2 (i) of the Agency Agreement requires Howard Johnson to provide services which include contracting for advertising. These provisions, read together, make it clear that 525 Lexington is responsible for the payment of advertising fees. By this action, plaintiff seeks to recover the reasonable value of advertising services rendered by it for 525 Lexington at the request of Howard Johnson with respect to the Halloran House. Although not originally named as a defendant, plaintiff Marriott was joined as a party defendant pursuant to a prior order of the IAS court holding that it was a necessary party. 525 Lexington and Bailey thereafter asserted three cross-claims against Marriott alleging, in each, a different act which purportedly constitutes a breach of the Agency Agreement. Each cross-claim seeks damages against Marriott in an amount equal to any amount recovered by plaintiff. 525 Lexington and Bailey do not allege that Marriott has any direct liability to plaintiff for advertising services rendered or that Marriott has any obligation to indemnify them with respect thereto.

Summary judgment dismissing the cross-claims, as sought by Marriott, should have been granted. 525 Lexington's and Bailey's attempt to foist upon Marriott the responsibility for the payment of the advertising services rendered by plaintiff for the Halloran House is precluded by the express provisions of the Agency Agreement, by which 525 Lexington, as the owner of the Halloran House, is solely responsible for the payment of advertising fees. Moreover, the cross-claims are barred by the clear and unequivocal terms of the March 1, 1986 "Termination Agreement" by which Marriott assigned and transferred the Agency Agreement to Bailey. Under its terms, 525 Lexington and Bailey, on the one hand, and Marriott, on the other, released and waived all obligations and claims against each other arising out of the Agency Agreement, except the respective obligations of Marriott and 525 Lexington and to third parties under the agreement. Contrary to their agreements, the cross-claims of 525 Lexington and Bailey are not "third-party claims" but, rather, direct claims for breach of the Agency Agreement, which have been released. The sweeping and conclusive effect of the release and waiver provision of the Termination Agreement is a clear bar to each of the cross-claims and mandates their dismissal. (See, Mars Assocs. v City of New York, 53 NY2d 627; Corvino v CBS, Inc., 92 AD2d 536.) Concur—Sullivan, J. P., Carro, Milonas, Asch and Rubin, JJ.