Monaco v Van Meerendonk (2021 NY Slip Op 00428)





Monaco v Van Meerendonk


2021 NY Slip Op 00428


Decided on January 27, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 27, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2019-13473
 (Index No. 2563/19)

[*1]Domenico Monaco, etc., appellant,
v
Benjamin Van Meerendonk, respondent.


Domenico Monaco, Brooklyn, NY, appellant pro se.



DECISION & ORDER
In an action to recover damages for fraud, the plaintiff appeals from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated September 27, 2019. The order granted that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, without costs or disbursements.
The plaintiff commenced this action to recover damages for fraud, relating to transactions occurring in the 1980s which were the subject of prior litigation (see Monaco v Van Meerendonk, 65 AD3d 1308), and a settlement and general release executed by the plaintiff. The defendant moved, inter alia, pursuant to CPLR 3211(a)(5) and (7) to dismiss the complaint, and the Supreme Court granted that branch of the defendant's motion. The plaintiff appeals.
Contrary to the plaintiff's contention, the Supreme Court properly granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(5) and (7) to dismiss the complaint. The plaintiff's fraud causes of action are not adequately pleaded (see CPLR 3016[b]; Deutsche Bank Natl. Trust Co. v Sinclair, 68 AD3d 914, 916) and, in any event, are barred by the applicable statute of limitations (see CPLR 213[8]; 203[g]; Marasa v Andrews, 69 AD3d 584, 584), precluded by the doctrine of res judicata (see Matter of Singer v Windfield, 125 AD3d 666, 667), and barred by the prior settlement and release (see Corvino v CBS, Inc., 92 AD2d 536, 537).
RIVERA, J.P., HINDS-RADIX, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court