Reid v Reid (2021 NY Slip Op 05881)





Reid v Reid


2021 NY Slip Op 05881


Decided on October 27, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 27, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
REINALDO E. RIVERA
COLLEEN D. DUFFY
WILLIAM G. FORD, JJ.


2018-00855
 (Index No. 707074/17)

[*1]Irene Reid, appellant,
v
Jessica Spear Reid, et al., respondents.


Tor Jacob Worsoe, Jr., Holtsville, NY, for appellant.
Meister, Seelig & Fein LLP, New York, NY (Howard S. Koh of counsel), for respondent Jessica Spear Reid.
L'Abbate, Balkan, Colavita & Contini, LLP, Garden City, NY (Anthony P. Colavita and Michael W. Wynn of counsel), for respondent Linda A. Eichen.



DECISION & ORDER
In an action, inter alia, to recover damages for fraud and violation of Judiciary Law § 487, the plaintiff appeals from an order of the Supreme Court, Queens County (Diccia T. Pineda-Kirwan, J.), entered November 22, 2017. The order granted the separate motions of the defendant Jessica Spear Reid and the defendant Linda A. Eichen pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them.
ORDERED that the order is affirmed, with one bill of costs.
The plaintiff and nonparty Michael Reid were married in 1984. In December 2011, Michael commenced an action against the plaintiff for a divorce and ancillary relief (hereinafter the underlying action). The defendant Jessica Spear Reid is Michael's daughter and the plaintiff's stepdaughter. The defendant Linda A. Eichen represented Michael in the underlying action. A judgment of divorce was entered on July 2, 2015, which directed, inter alia, the plaintiff to list the marital residence for sale. Michael died in November 2015.
In March 2016, Jessica moved, inter alia, to be appointed receiver of the marital residence (hereinafter Jessica's motion), contending, among other things, that the plaintiff had refused to place the marital residence for sale. The plaintiff opposed Jessica's motion and proffered evidence of her purported efforts to sell the marital residence. Following a hearing, the Supreme Court granted Jessica's motion.
Thereafter, the plaintiff commenced the instant action, among other things, to recover damages for fraud and violation of Judiciary Law § 487, alleging, in effect, that the defendants misled the Supreme Court and made false representations in support of Jessica's motion. The defendants separately moved, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against each of them as barred by the doctrines of res judicata and collateral estoppel. The court granted the motions.
While the doctrine of res judicata does not bar the plaintiff's present claims (see Xiao Yang Chen v Fischer, 6 NY3d 94; Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343), the Supreme Court properly applied the doctrine of collateral estoppel to preclude the plaintiff from relitigating the issues in the instant action. Collateral estoppel precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same (see Tydings v Greenfield, Stein & Senior, LLP, 11 NY3d 195, 199; Buechel v Bain, 97 NY2d 295, 303-304; D'Arata v New York Cent. Mut. Fire Ins. Co., 76 NY2d 659, 664; Ryan v New York Tel. Co., 62 NY2d 494, 500; Shifer v Shifer, 165 AD3d 721, 723). Here, the issues raised in the instant action, which relate to the defendants' purported acts and representations at the time of Jessica's motion, were necessarily decided against the plaintiff in the underlying action. The plaintiff had a full and fair opportunity to litigate these issues in the underlying action, even though she chose not to participate in the hearing on Jessica's motion by voluntarily absenting herself therefrom (see Brown v Suggs, 39 AD3d 395; Matter of Abady, 22 AD3d 71, 85).
The parties' remaining contentions either need not be reached in light of our determination or are without merit.
LASALLE, P.J., RIVERA, DUFFY and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court