Gold v Rothfeld (2023 NY Slip Op 05006)

Gold v Rothfeld

2023 NY Slip Op 05006

Decided on October 4, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 4, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.

2020-05594
 (Index No. 621782/17)

[*1]Kenneth Gold, appellant, 
v
Alan C. Rothfeld, respondent.

Abrams Fensterman, LLP, Lake Success, NY (Brian T. McCarthy of counsel), for appellant.
Furman Kornfeld & Brennan LLP, New York, NY (A. Michael Furman and Jason H. Seiler of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for fraud, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Joseph Farneti, J.), dated June 9, 2020. The order, insofar as appealed from, granted that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the amended complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
Eugene Gold and Grace Gold were the parents of three children, including the plaintiff, Kenneth Gold. The defendant, Alan C. Rothfeld, an attorney, represented Eugene Gold and Grace Gold in connection with their estates. Grace Gold died in 2011 and Eugene Gold died in 2013.
In 2017, the plaintiff commenced this action against the defendant, asserting one cause of action to recover damages for fraud. The defendant thereafter moved, inter alia, pursuant to CPLR 3211(a)(5) and (7) to dismiss the amended complaint as barred by the doctrine of collateral estoppel and for failure to state a cause of action. By order dated June 9, 2020, the Supreme Court, among other things, granted that branch of the defendant's motion. The plaintiff appeals.
"Collateral estoppel precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same" (Reid v Reid, 198 AD3d 993, 994).
Here, the Supreme Court properly concluded that so much of the fraud cause of action as was predicated upon allegations that the defendant made misrepresentations to induce the plaintiff to sign a waiver and consent to the probate of Grace's will and concerning Grace's personal property was barred by the doctrine of collateral estoppel. Those allegations were raised by the plaintiff in a petition he filed in the Surrogate's Court, seeking to rescind the waiver and consent, and, after a full and fair opportunity to litigate, were necessarily decided against him in a 2014 order of that court granting dismissal of the petition (see Reid v Reid, 198 AD3d at 993; Deutsche Bank Natl. Trust Co. [*2]v Steward, 182 AD3d 576, 576).
The Supreme Court properly granted that branch of the defendant's motion which was to dismiss the remainder of the fraud cause of action for failure to state a cause of action. "The elements of a cause of action sounding in fraud are a material misrepresentation of an existing fact, made with knowledge of the falsity, an intent to induce reliance thereon, justifiable reliance upon the misrepresentation, and damages" (Mesivta & Yeshiva Gedolah of Manhattan Beach v VNB N.Y., LLC, 197 AD3d 703 [internal quotation marks omitted]). "When a plaintiff brings a cause of action based upon fraud, 'the circumstances constituting the wrong [must] be stated in detail'" (Sargiss v Magarelli, 12 NY3d 527, 530, quoting CPLR 3016[b]). The amended complaint in the present case failed to sufficiently allege recoverable, nonspeculative damages with respect to the allegations that the defendant made certain misrepresentations regarding the plaintiff's inheritance in November 2011, and failed to sufficiently set forth the alleged misrepresentations made, and justifiable reliance thereon, concerning the defendant's purported participation in a fraudulent scheme in September 2016 (see Asamblea De Iglesias Christianas, Inc. v DeVito, 210 AD3d 843, 845; Shaffer v Gilberg, 125 AD3d 632, 634).
The defendant's remaining contentions need not be reached in light of our determination.
IANNACCI, J.P., CHAMBERS, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court