Guliyev v Banilov & Assoc., P.C. (2023 NY Slip Op 05493)

Guliyev v Banilov & Assoc., P.C.

2023 NY Slip Op 05493

Decided on November 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
FRANCESCA E. CONNOLLY
CHERYL E. CHAMBERS
JANICE A. TAYLOR, JJ.

2021-04112
 (Index No. 516045/20)

[*1]Shahin Guliyev, appellant, 
v
Banilov & Associates, P.C., et al., respondents.

William Pager, Brooklyn, NY, for appellant.
Catalano Gallardo & Petropoulos, LLP, Jericho, NY (Matthew K. Flanagan and Alexandra N. Nieto of counsel), for respondents Banilov & Associates, P.C., and Nick Banilov.
Gordon Rees Scully Mansukhani, LLP, New York, NY (Brian E. Middlebrook and Christopher C. Song of counsel), for respondent Harlan Wittenstein.

DECISION & ORDER
In an action to recover damages for legal malpractice, breach of fiduciary duty, and violation of Judiciary Law § 487, the plaintiff appeals from an order of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated May 17, 2021. The order granted the separate motions of the defendant Harlan Wittenstein and the defendants Banilov & Associates, P.C., and Nick Banilov pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them.
ORDERED that the order is affirmed, with one bill of costs to the defendants appearing separately and filing separate briefs.
The plaintiff retained the defendants Banilov & Associates, P.C., and Nick Banilov (hereinafter together the Banilov defendants) to represent him in connection with an action to recover damages for personal injuries allegedly sustained as a result of a motor vehicle accident (hereinafter the underlying action). The defendant Harlan Wittenstein was of counsel to the Banilov defendants, assisting with the underlying action. Wittenstein negotiated a settlement with the defendants in the underlying action and conveyed to them that the plaintiff had accepted that settlement. The plaintiff thereafter terminated the Banilov defendants' services and retained another law firm. The defendants in the underlying action moved to compel enforcement of the settlement. The plaintiff opposed, asserting that he did not authorize Wittenstein or the Banilov defendants to accept the settlement. Following a framed-issued hearing, the Supreme Court granted the motion to compel enforcement, concluding that Wittenstein and the Banilov defendants had the authority to settle the underlying action.
The plaintiff subsequently commenced this action against Wittenstein and the Banilov defendants to recover damages for legal malpractice, breach of fiduciary duty, and violation of Judiciary Law § 487. Wittenstein and the Banilov defendants separately moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them. In an order dated May 17, 2021, the Supreme Court granted the separate motions. The plaintiff appeals.
"On a motion to dismiss pursuant to CPLR 3211(a)(7), the complaint must be afforded a liberal construction, the facts therein must be accepted as true, and the plaintiff must be accorded the benefit of every possible favorable inference" (Angeli v Barket, 211 AD3d 896, 897; see Leon v Martinez, 84 NY2d 83, 87). "Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Rabos v R & R Bagels & Bakery, Inc., 100 AD3d 849, 851-852; see Nassau Operating Co., LLC v DeSimone, 206 AD3d 920, 925-926).
"In an action to recover damages for legal malpractice, a plaintiff must demonstrate that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and that the attorney's breach of this duty proximately caused the plaintiff to sustain actual and ascertainable damages" (Bua v Purcell & Ingrao, P.C., 99 AD3d 843, 845; see Marinelli v Sullivan Papain Block McGrath & Cannavo, P.C., 205 AD3d 714, 716). "The plaintiff is required to plead actual, ascertainable damages that resulted from the attorneys' negligence" (Bua v Purcell & Ingrao, P.C., 99 AD3d at 847; see Marinelli v Sullivan Papain Block McGrath & Cannavo, P.C., 205 AD3d at 716). "Conclusory allegations of damages or injuries predicated on speculation cannot suffice for a malpractice action, and dismissal is warranted where the allegations in the complaint are merely conclusory and speculative" (Bua v Purcell & Ingrao, P.C., 99 AD3d at 848 [citations omitted]; see Marinelli v Sullivan Papain Block McGrath & Cannavo, P.C., 205 AD3d at 716). Here, the complaint failed to plead specific factual allegations demonstrating that, but for the defendants' alleged negligence, there would have been a more favorable outcome in the underlying action or that the plaintiff would not have incurred any damages (see Williams v Silverstone, 215 AD3d 787, 789; Katsoris v Bodnar & Milone, LLP, 186 AD3d 1504, 1506). In addition, the plaintiff is precluded by the doctrine of collateral estoppel from relitigating the issue of whether the defendants had the authority to settle the underlying action (see CPLR 3211[a][5]; Reid v Reid, 198 AD3d 993, 994; Shifer v Shifer, 165 AD3d 721, 723).
Pursuant to Judiciary Law § 487, an attorney who is "guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party" is liable to the injured party for treble damages (see Cordell Marble Falls, LLC v Kelly, 191 AD3d 760, 762). "A violation of Judiciary Law § 487 requires an intent to deceive" (Moormann v Perini & Hoerger, 65 AD3d 1106, 1108; see Cordell Marble Falls, LLC v Kelly, 191 AD3d at 762). "Allegations regarding an act of deceit or intent to deceive must be stated with particularity" (Bill Birds, Inc. v Stein Law Firm, P.C., 164 AD3d 635, 637, affd 35 NY3d 173; see CPLR 3016[b]; Palmieri v Perry, Van Etten, Rozanski & Primavera, LLP, 200 AD3d 785, 787). Here, the plaintiff's allegations that the defendants hid true facts and acted to benefit themselves are conclusory and factually insufficient (see Palmieri v Perry, Van Etten, Rozanski & Primavera, LLP, 200 AD3d at 787; Cordell Marble Falls, LLC v Kelly, 191 AD3d at 762).
The parties' remaining contentions are without merit or need not be reached in light of our determination.
Accordingly, the Supreme Court properly granted the separate motions of Wittenstein and the Banilov defendants pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them.
LASALLE, P.J., CONNOLLY, CHAMBERS and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court