Monaco v Van Meerendonk (2023 NY Slip Op 06361)

Monaco v Van Meerendonk

2023 NY Slip Op 06361

Decided on December 13, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 13, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2022-08730
 (Index No. 169/22)

[*1]Domenico Monaco, etc., appellant,
v
Benjamin Van Meerendonk, et al., respondents.

Domenico Monaco, Brooklyn, NY, appellant pro se.

DECISION & ORDER
In a proceeding pursuant to Business Corporation Law § 1104-a for the judicial dissolution of a closely held corporation, the petitioner appeals from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated September 22, 2022. The order, insofar as appealed from, granted those branches of the cross-motion of Benjamin Van Meerendonk and 82 Degraw Associates, Inc., which were pursuant to CPLR 3211(a) to dismiss the petition and for certain injunctive relief to the extent of enjoining the petitioner from commencing any further pro se actions or proceedings against them, or any entity affiliated with them, without prior leave of the court.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The Supreme Court properly granted that branch of the cross-motion of Benjamin Van Meerendonk and 82 Degraw Associates, Inc., which was pursuant to CPLR 3211(a)(5) to dismiss the petition on the ground of res judicata (see Brody v RBC Mtge. Co., 215 AD3d 724, 726; Matter of Ram v Hershowitz, 76 AD3d 1022, 1023; see also Monaco v Van Meerendonk, 190 AD3d 968, 968-969).
Under the circumstances of this case, the Supreme Court providently exercised its discretion in granting that branch of the respondents' cross-motion which was for certain injunctive relief to the extent of enjoining the petitioner from commencing any further pro se actions or proceedings against them, or any entity affiliated with them, without prior leave of the court. "[W]hile public policy mandates free access to the courts, a party may forfeit that right[, as here,] if that party abuses the judicial process by engaging in meritless litigation motivated by spite or ill will" (Caesar v HSBC Bank USA, NA, 200 AD3d 842, 843 [alterations and internal quotation marks omitted]; see Matter of Ram v Hershowitz, 76 AD3d at 1022-1023).
In light of the foregoing, we need not reach the petitioner's remaining contentions.
BRATHWAITE NELSON, J.P., CHAMBERS, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court