Coniglio v Dansker & Aspromonte Assoc. (2025 NY Slip Op 06154)

Coniglio v Dansker & Aspromonte Assoc.

2025 NY Slip Op 06154

Decided on November 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2024-00463
 (Index No. 532269/22)

[*1]Peter Coniglio, appellant, 
v
Dansker & Aspromonte Associates, et al., respondents.

William Pager, Brooklyn, NY, for appellant.
Cruser, Mitchell, Novitz, Sanchez, Gaston & Zimet, LLP, Farmingdale, NY (Christopher Cerullo of counsel), for respondents Dansker & Aspromonte Associates, Salvatore Aspromonte, Paul D. Dansker, Douglas Hoffer, and Raymond Maceira.
Furman Kornfeld & Brennan LLP, New York, NY (Andrew R. Jones and Steven R. Kaufman of counsel), for respondents William Schwitzer and William Schwitzer & Associates, P.C.
Rivkin Radler LLP, Uniondale, NY (Cheryl F. Korman and William Schleifer of counsel), for respondents Anna Demidchik and Demidchik Law Firm, PLLC.

DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated October 4, 2023. The order granted the motion of the defendants Demidchik Law Firm, PLLC, and Anna Demidchik pursuant to CPLR 2004 to extend their time to appear and answer the complaint and the separate motions of those defendants, the defendants William Schwitzer & Associates, P.C., and William Schwitzer, and the defendants Dansker & Aspromonte Associates, Salvatore Aspromonte, Paul D. Dansker, Douglas Hoffer, and Raymond Maceira pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them.
ORDERED that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.
In 2015, the plaintiff commenced an action to recover damages for podiatric malpractice (hereinafter the underlying action). The underlying action was commenced on the plaintiff's behalf by the defendants Dansker & Aspromonte Associates, Salvatore Aspromonte, Paul D. Dansker, Douglas Hoffer, and Raymond Maceira (hereinafter collectively the Dansker defendants). In an order dated September 23, 2016, the plaintiff was directed to file a note of issue no later than January 31, 2017. The plaintiff failed to file the note of issue by the January 31, 2017 deadline, and the underlying action was marked disposed. The plaintiff's motion to restore the underlying action to the active calendar was granted in an order dated April 24, 2017, and the plaintiff was directed to file a note of issue by September 20, 2017. The plaintiff failed to file a note of issue by that deadline and the underlying action was marked disposed as of October 6, 2017.
On June 20, 2018, a consent to change attorney was executed by the plaintiff, the Dansker defendants, and the defendants William Schwitzer & Associates, P.C., and William Schwitzer (hereinafter together the Schwitzer defendants), whereby the Schwitzer defendants were substituted as attorneys of record for the plaintiff in place of the Dansker defendants. In October 2019, the plaintiff moved, inter alia, to have the underlying action restored to the active calendar. This motion was denied, with leave to renew, based on the plaintiff's failure to include an affidavit of merit. In June 2020, the plaintiff again moved to restore the underlying action to the active calendar. In an order dated October 27, 2021, the Supreme Court denied the plaintiff's motion and directed dismissal of the underlying action with prejudice. A judgment was subsequently entered on November 17, 2021. On December 9, 2021, the Schwitzer defendants filed a notice of appeal from the order dated October 27, 2021, on the plaintiff's behalf. Thereafter, the Schwitzer defendants moved, among other things, for leave to withdraw as counsel for the plaintiff in the underlying action.
In November 2022, the plaintiff commenced the instant action to recover damages for legal malpractice, fraud, breach of fiduciary duty, and violations of Judiciary Law § 487 against the Dansker defendants, the Schwitzer defendants, and the defendants Demidchik Law Firm, PLLC, and Anna Demidchik (hereinafter together the Demidchik defendants), which the plaintiff alleged had represented him "at a point in time which remains unknown." The Demidchik defendants moved pursuant to CPLR 2004 to extend their time to appear and answer the complaint and the Demidchik defendants, the Schwitzer defendants, and the Dansker defendants separately moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them. In an order dated October 4, 2023, the Supreme Court granted the separate motions. The plaintiff appeals.
"When deciding a motion to dismiss a complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Ofman v Richland, 234 AD3d 865, 866 [internal quotation marks omitted]; see Leon v Martinez, 84 NY2d 83, 87-88; Rudovic v Law Off. of Timothy A. Green, 200 AD3d 814, 815). "Where . . . evidentiary material is submitted and considered on a motion pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and the motion should not be granted unless the movant can show that a material fact as claimed by the plaintiff is not a fact at all and unless it can be said that no significant dispute exists regarding it" (Ofman v Richland, 234 AD3d at 866 [internal quotation marks omitted]; see Kastin v GEICO Gen. Ins. Co., 190 AD3d 710, 711-712; Pacific W., Inc. v E & A Restoration, Inc., 178 AD3d 834, 835). Similarly, "'[a] motion to dismiss on the ground that the action is barred by documentary evidence pursuant to CPLR 3211(a)(1) may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, [thereby] conclusively establishing a defense as a matter of law'" (Dellwood Dev., Ltd. v Coffinas Law Firm, PLLC, 233 AD3d 752, 754, quoting Maursky v Latham, 219 AD3d 473, 475).
"'To state a cause of action to recover damages for legal malpractice, a plaintiff must allege: (1) that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession; and (2) that the attorney's breach of duty proximately caused the plaintiff actual and ascertainable damages'" (Lambro Indus., Inc. v Gilbert, 233 AD3d 765, 767, quoting Katsoris v Bodnar & Milone, LLP, 186 AD3d 1504, 1505; see Guliyev v Banilov & Assoc., P.C., 221 AD3d 589, 590-591). Additionally, "a plaintiff must prove, inter alia, the existence of an attorney-client relationship" (Mid City Elec. Corp. v Peckar & Abramson, 214 AD3d 646, 648; see Siemsen v Mevorach, 160 AD3d 1004, 1005; Volpe v Canfield, 237 AD2d 282, 283). "An attorney's conduct or inaction is the proximate cause of a plaintiff's damages if but for the attorney's negligence, the plaintiff would have succeeded on the merits of the underlying action, or would not have sustained actual and ascertainable damages" (Mid City Elec. Corp. v Peckar & Abramson, 214 AD3d at 649 [internal quotation marks omitted]).
Here, the Supreme Court properly directed dismissal of the plaintiff's legal malpractice cause of action insofar as asserted against the Demidchik defendants (see AG Capital [*2]Funding Partners, L.P. v State St. Bank & Trust Co., 5 NY3d 582, 595; Mid City Elec. Corp. v Peckar & Abramson, 214 AD3d at 648; Siemsen v Mevorach, 160 AD3d at 1005). The plaintiff's unilateral belief that he was represented by the Demidchik defendants despite his admission that it was impossible to determine whether they had ever represented him was insufficient to establish an attorney-client relationship (see Volpe v Canfield, 237 AD2d at 283; cf. Shan Yun Lin v Lau, 210 AD3d 817, 818; Willoughby Rehabilitation & Health Care Ctr., LLC v Webster, 190 AD3d 887, 889). Further, with respect to the Demidchik defendants, the allegations of the complaint failed to allege actual, ascertainable damages that resulted from the Demidchik defendants' alleged negligence (see Guliyev v Banilov & Assoc., P.C., 221 AD3d at 590-591; Marinelli v Sullivan Papain Block McGrath & Cannavo, P.C., 205 AD3d 714, 716).
The Supreme Court also properly directed dismissal of the plaintiff's legal malpractice cause of action insofar as asserted against the Schwitzer defendants. Viewing the complaint in the light most favorable to the plaintiff (see Leon v Martinez, 84 NY2d at 87-88), it fails to plead specific factual allegations demonstrating that but for the Schwitzer defendants' alleged negligence, the plaintiff would have prevailed in the underlying action (see Mid City Elec. Corp. v Peckar & Abramson, 214 AD3d at 649; Katsoris v Bodnar & Milone, LLP, 186 AD3d at 1505).
The Supreme Court properly directed dismissal of the plaintiff's legal malpractice cause of action insofar as asserted against the Dansker defendants pursuant to CPLR 3211(a)(5) (see id. § 214[6]; Farage v Ehrenberg, 124 AD3d 159, 165). The Dansker defendants established that the statute of limitations expired on June 20, 2021, three years after the consent to change attorney was executed, and that they did not act on behalf of the plaintiff in the underlying action after the consent was signed (see CPLR 321[b]; Quinn v McCabe, Collins, McGeough & Fowler, LLP, 138 AD3d 1085, 1086). The plaintiff failed to raise a question of fact in opposition "as to whether the statute of limitations has been tolled, an exception to the limitations period is applicable, or the plaintiff actually commenced the action within the applicable limitations period" (Quinn v McCabe, Collins, McGeough & Fowler, LLP, 138 AD3d at 1086 [internal quotation marks omitted]).
In addition, the causes of action alleging breach of fiduciary duty and fraud are duplicative of the legal malpractice cause of action (see Waggoner v Caruso, 14 NY3d 874, 875; Weiss v Manfredi, 83 NY2d 974, 977; DeMartino v Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP, 189 AD3d 774, 775). Moreover, the complaint failed to state a cause of action alleging violations of Judiciary Law § 487, as the allegations in support thereof were general and conclusory (see CPLR 3016[b]; DeMartino v Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP, 189 AD3d at 776; Sammy v Haupel, 170 AD3d 1224, 1225; Rozen v Russ & Russ, P.C., 76 AD3d 965, 968). Accordingly, the Supreme Court properly directed dismissal of those causes of action.
The plaintiff's remaining contention is without merit.
DILLON, J.P., CHRISTOPHER, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court