Matter of Smith v New York City Fire Dept. (2025 NY Slip Op 03728)

Matter of Smith v New York City Fire Dept.

2025 NY Slip Op 03728

Decided on June 18, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 18, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
VALERIE BRATHWAITE NELSON
CARL J. LANDICINO
DONNA-MARIE E. GOLIA, JJ.

2023-09850
2023-09852
 (Index No. 533033/22)

[*1]In the Matter of Brian Smith, respondent, 
v
New York City Fire Department, et al., appellants.

Muriel Goode-Trufant, Corporation Counsel, New York, NY (Richard Dearing, Melanie T. West, and Philip W. Young of counsel), for appellants.
Christina Martinez, Staten Island, NY, for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the City of New York Reasonable Accommodation Appeals Panel dated July 11, 2022, which upheld a determination of the New York City Fire Department dated December 21, 2021, denying the petitioner's request for a reasonable accommodation from a vaccine mandate based on his religion, the New York City Fire Department and the City of New York appeal from (1) a judgment of the Supreme Court, Kings County (Francois A. Rivera, J.), dated July 11, 2023, and (2) a money judgment of the same court also dated July 11, 2023. The judgment granted the petition, annulled the determination dated July 11, 2022, and directed the New York City Fire Department and the City of New York to reinstate the petitioner to his position as a firefighter with a reasonable accommodation from the vaccine mandate and back pay. The money judgment is in favor of the petitioner and against the New York City Fire Department and the City of New York in the principal sum of $22,000, representing an award of attorneys' fees.
ORDERED that the judgment is reversed, on the law, the petition is denied, and the proceeding is dismissed; and it is further,
ORDERED that the money judgment is reversed, on the law; and it is further,
ORDERED that one bill of costs is awarded to the New York City Fire Department and the City of New York.
The petitioner was a firefighter employed by the New York City Fire Department (hereinafter the FDNY). By order dated October 20, 2021, the New York City Commissioner of Health and Mental Hygiene issued a mandate requiring all City employees, among others, to provide proof of COVID-19 vaccination by October 29, 2021 (hereinafter the vaccine mandate). On November 1, 2021, the petitioner was placed on leave without pay status for noncompliance with the vaccine mandate. On November 5, 2021, the petitioner requested a reasonable accommodation from the vaccine mandate based on his religion. The FDNY denied the request on December 21, 2021. The petitioner appealed to the City of New York Reasonable Accommodation Appeals Panel (hereinafter the Panel), which, in a determination dated July 11, 2022, upheld the FDNY's denial of [*2]the petitioner's request for a reasonable accommodation. On July 13, 2022, the petitioner applied for retirement.
The petitioner commenced this proceeding pursuant to CPLR article 78 against the FDNY and the City (hereinafter together the appellants) to annul the Panel's July 11, 2022 determination, to be reinstated to his position, for back pay, and for an award of attorneys' fees. In a judgment dated July 11, 2023, the Supreme Court granted the petition, annulled the determination, and directed the appellants to reinstate the petitioner to his position as a firefighter with a reasonable accommodation from the vaccine mandate and back pay. The court determined that the appellants failed to engage in a good-faith cooperative dialogue, as required by the New York City Human Rights Law (hereinafter the NYCHRL) (Administrative Code of City of NY § 8-107). In a separate money judgment dated July 11, 2023, the court awarded the petitioner attorneys' fees in the principal sum of $22,000. These appeals ensued.
"In a CPLR article 78 proceeding to review a determination of an administrative agency made without an evidentiary hearing, the standard of review is whether the determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion" (Matter of Achille v Laveman, 224 AD3d 744, 746 [internal quotation marks omitted]; see CPLR 7803[3]; Matter of Adirondack Wild: Friends of the Forest Preserve v New York State Adirondack Park Agency, 34 NY3d 184, 191).
Pursuant to the NYCHRL, it is "an unlawful discriminatory practice" for an employer "to refuse or otherwise fail to engage in a cooperative dialogue within a reasonable time with a person who has requested an accommodation" for, among other possibilities, "religious needs" (Administrative Code § 8-107[28][a][1]). Here, the petitioner failed to demonstrate that the appellants' process for resolving requests for a reasonable accommodation from the vaccine mandate did not meet the requirements of the NYCHRL regarding cooperative dialogue (see Matter of Marsteller v City of New York, 217 AD3d 543, 545; Hosking v Memorial Sloan-Kettering Cancer Ctr., 186 AD3d 58, 64). The appellants provided information on the process for reviewing accommodation requests related to the vaccine mandate and informed employees on how to appeal request denials. The record demonstrates that the petitioner availed himself of this process. The record also shows that there were multiple communications between the petitioner, the FDNY, and the Panel regarding the petitioner's accommodation request. The petitioner failed to establish that, under the unique circumstances present at the time of the vaccine mandate, the NYCHRL required a more robust or individualized dialogue.
The petitioner also failed to demonstrate that the determination to deny him a religious exemption from the vaccine mandate was arbitrary and capricious (see Matter of Marsteller v City of New York, 217 AD3d at 545). "It is not dispositive that the . . . Panel's determination did not set forth any reasoning; a member of the Panel clarified the basis for the determination in an affirmation submitted in [this] proceeding" (Matter of Lee v City of New York, 221 AD3d 505, 506; see Matter of Marsteller v City of New York, 217 AD3d at 544).
"The general rule is that in [CPLR] article 78 proceedings, the prevailing party may not collect attorneys' fees from the loser unless an award is authorized by agreement between the parties or by statute or by court rule" (Matter of Dechbery v Cassano, 157 AD3d 499, 500 [alterations and internal quotation marks omitted]; see Matter of Ferrera v New York City Dept. of Educ., 230 AD3d 772, 774). Here, since the award of attorneys' fees was not authorized by agreement, statute, or court rule, the Supreme Court improperly awarded attorneys' fees to the petitioner (see Matter of Ferrera v New York City Dept. of Educ., 230 AD3d at 774).
Because the challenged determination was not arbitrary and capricious or affected by an error of law, there is no basis to award back pay or court costs as incidental damages (see CPLR 7806; Matter of Rysiejko v City of New York, 232 AD3d 432, 433).
The petitioner's remaining contentions are either without merit or improperly raised for the first time on appeal.
CONNOLLY, J.P., BRATHWAITE NELSON, LANDICINO and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court