Walrond v New York City Health & Hosps. Corp. (2025 NY Slip Op 04502)

Walrond v New York City Health & Hosps. Corp.

2025 NY Slip Op 04502

Decided on July 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2024-04525
 (Index No. 714234/23)

[*1]Curwin Walrond, appellant, 
v
New York City Health & Hospitals Corporation, respondent.

Robert Halpern, New York, NY, for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Devin Slack, Philip W. Young, and Pauline Esman of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for employment discrimination on the basis of religion in violation of Administrative Code of the City of New York § 8-107, the plaintiff appeals from an order of the Supreme Court, Queens County (Chereé A. Buggs, J.), dated January 25, 2024. The order granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff was employed with the defendant in the Information Technology department of Queens Hospital Center. In August 2021, the New York State Department of Health issued an emergency regulation ordering healthcare facilities to "continuously require personnel to be fully vaccinated against COVID-19, absent receipt of an exemption" (former 10 NYCRR 2.61[c]). In September 2021, the plaintiff applied for a religious exemption from the COVID-19 vaccine requirement. Thereafter, the defendant placed the plaintiff on temporary unpaid leave of absence. In a letter from a Senior Vice President of Human Resources, dated October 22, 2021 (hereinafter the October 2021 HR letter), the defendant advised the plaintiff, inter alia, that its office of Equal Opportunity Employment would review his accommodation to determine if an extension of his leave could be granted and also provided the defendant with the opportunity to voluntarily resign in order to receive one week's severance pay and healthcare benefits through the end of 2021. The October 2021 HR letter also contained, among other things, a phone number and an email address for the plaintiff to contact if he had any questions. The plaintiff declined to voluntarily resign, and the defendant terminated the plaintiff's employment, effective November 29, 2021.
Thereafter, the plaintiff commenced this action, alleging that the defendant failed to engage in a cooperative dialogue and failed to provide a reasonable accommodation pursuant to the New York City Human Rights Law (NYCRHL) (Administrative Code of the City of New York § 8-107[28]). The complaint also attached the October 2021 HR letter as an exhibit. The defendant moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint. In an order dated January 25, 2024, the Supreme Court granted the defendant's motion. The plaintiff appeals.
"When deciding a motion to dismiss a complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the court must accept the facts as alleged in the complaint as true, [*2]accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Ofman v Richland, 234 AD3d 865, 866 [internal quotation marks omitted]; see Rudovic v Law Off. of Timothy A. Green, 200 AD3d 814, 815). "Dismissal of the complaint is warranted if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery" (Soloviev v Ross Sch., 227 AD3d 746, 747 [internal quotation marks omitted]; see Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 142). "Where . . . evidentiary material is submitted and considered on a motion pursuant to CPLR 3211(a)(7) . . . the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one" (Popal v DiLorenzo, 231 AD3d 1067, 1068 [internal quotation marks omitted]; see Kastin v GEICO Gen. Ins. Co., 190 AD3d 710, 711-712).
"'A motion to dismiss [a cause of action] on the ground that the [cause of] action is barred by documentary evidence pursuant to CPLR 3211(a)(1) may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, [thereby] conclusively establishing a defense as a matter of law'" (Bedford-Carp Constr., Inc. v Brooklyn Union Gas Co., 215 AD3d 907, 908, quoting Qureshi v Vital Transp., Inc., 173 AD3d 1076, 1077). "In order for evidence submitted in support of a CPLR 3211(a)(1) motion to qualify as documentary evidence, it must be unambiguous, authentic, and undeniable" (Bronxville Scout Comm. v County of Westchester, 229 AD3d 753, 754-755 [internal quotation marks omitted]; see Leader v Steinway, Inc., 180 AD3d 886, 887).
Initially, we decline the defendant's request to take judicial notice of a publicly available document that the defendant referred to for the first time on appeal (see Fidelity Natl. Tit. Ins. Co. v Legend Abstract Corp., 171 AD3d 705, 706; Matter of Sagres 9, LLC v State of New York, 164 AD3d 903, 905).
The Supreme Court properly granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging failure to engage in a cooperative dialogue. Pursuant to the NYCHRL, it is "an unlawful discriminatory practice" for an employer "to refuse or otherwise fail to engage in a cooperative dialogue within a reasonable time with a person who has requested an accommodation" for, among other possibilities, "religious needs" (Administrative Code § 8-107[28][a][1]). Here, the factual allegations in the complaint, together with the October 2021 HR letter, which the plaintiff annexed thereto, demonstrate that the plaintiff had no cause of action for failure to engage in a cooperative dialogue under the NYCHRL (see Matter of Smith v New York City Fire Dept., _____ AD3d _____, 2025 NY Slip Op 03728; Goolsby v City of New York, 236 AD3d 404; Matter of Marstellar v City of New York, 217 AD3d 543, 545).
Moreover, the Supreme Court properly granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(1) and (7) to dismiss the cause of action alleging failure to provide a reasonable accommodation. The defendant conclusively established that providing the plaintiff with an accommodation from the COVID-19 vaccine requirement would impose an undue hardship on the defendant because it would require the defendant to violate New York State's mandate for hospital employees to be fully vaccinated against COVID-19 absent an exemption (see Administrative Code § 8-107[3][b]; Algarin v NYC Health + Hosps. Corp., 678 F Supp 3d 497, 513 [SD NY], affd 2024 WL 1107481, 2024 US App LEXIS 6114 [2d Cir]; Corrales v Montefiore Med. Ctr., 2023 WL 2711415, *8-9, 2023 US Dist LEXIS 55620, *22 [SD NY, No. 22-CV-3219 (LAP)]). In support of its motion, the defendant submitted a job description for the plaintiff's former position, which the plaintiff had signed and which conclusively established that the plaintiff was responsible for, inter alia, providing hardware support and assistance for hospital personnel. As assistance with computer hardware required the plaintiff to work in-person, the defendant conclusively established that the plaintiff would not be able to "perform the essential functions of" the job if he received the religious accommodation of remote work (Administrative Code § 8-107[3][b]; see Algarin v NYC Health + Hosps. Corp., 678 F Supp 3d at 509).
Accordingly, the Supreme Court properly granted the defendant's motion pursuant [*3]to CPLR 3211(a) to dismiss the complaint.
CONNOLLY, J.P., MILLER, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court